## Gonzalez v. Quaker Trouser Company, Inc.

*Albert Ominsky,* for plaintiff.
*Ronald F. Bove,* for defendant.

TAKIFF, *J.*, January 26, 1977—Before the court is defendant's petition for permission to file answers to plaintiff's interrogatories and petition to open default judgment. For the reasons set forth below we have decided that the entry of judgment was improper and must be stricken.

On December 31, 1975, plaintiff filed interrogatories to defendant endorsed to be answered within 20 days. When defendant did not file a timely answer, plaintiff, on February 3, 1976, served defendant with notice of intention to file an interlocutory order under Philadelphia Local Rule 4005*(d).[1] Pursuant to the rule plaintiff enclosed

---

1. Rule 4005*(d) provides in relevant part:

"If the adverse party fails to file of record answers to the interrogatories within the time period required by this Rule . . . the Prothonotary shall, on praecipe and certification of service, and upon ten days notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty days of the date of the order, and providing for sanctions as hereinafter set forth.

"This order shall become final at the expiration of the interlocutory period, *upon filing of a supplemental praecipe and certification of service,* unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.

"The interlocutory order of the Prothonotary setting forth sanctions as provided herein, shall be as follows:

"(1) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the non-answering

an unexecuted form copy of the proposed interlocutory order. It appears that on February 11, 1976, there was a telephone conversation between the parties, confirmed by letter, wherein plaintiff agreed not to press for answers for a period of 30 days to enable defendant to resolve an insurance coverage question.

After waiting more than 30 days, plaintiff, on March 24, 1976, proceeded to file the interlocutory order with the Prothonotary. This order, which was entered by the Prothonotary on that date, directed defendant to answer the interrogatories within 30 days or suffer default judgment as to liability. Defendant never answered and on May 28, 1976, plaintiff filed a certification of service and a supplemental praecipe to have the interlocutory order entered as a final order. Final order was entered on that date.[2]

The appendix to Local Rule 4005*(d) provides sample forms to be used in seeking judgment under the rule. After the interlocutory period of 30 days has run, the party filing the interrogatories may obtain a final order by supplemental praecipe and certification of service of the interlocutory order. Plaintiff's certification read as follows:

"I hereby certify that a true and correct copy of the Interlocutory Order for sanctions filed in the

party who shall be precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories. . . ." (Emphasis added.)

2. According to defendant, he became aware of the default judgment on or about July 15, 1976, when defendant filed a petition to consolidate this case with four similar cases and a petition to stay all proceedings pending resolution of an insurance coverage question in Federal Court. The petition was granted by this court on August 6, 1976.

above action was served on the *3rd day of February, 1976,* upon Lynn L. Detweiler, Esquire, attor-(ney for the Defendant. A copy of the letter and the signed return receipt are attached hereto." (Emphasis added).

It is evident that the above certification refers to the service of the notice pertaining to the interlocutory order in February 1976. That order was not actually filed with the Prothonotary until March 24, 1976, and the certification filed pertained only to the intention to obtain an interlocutory order.

As we read 4005*(d) two distinct and separate praecipes and certifications of service are required. The first pertains to the initial intention to file an interlocutory order. The second pertains to the actual filing of that order and "at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service . . ." (Rule 4005*(d)), that order may become final. Service was made and certification was effected as to the intention to obtain the interlocutory order on February 3, 1976. However cumbersome this procedure may appear to be under the rule, that order could not become final until a second service of notice was effected after the entry of the interlocutory order and certification thereof filed together with a supplemental praecipe. Any other construction of the rule would compel the unreasonable conclusion that it requires a duplicate certification of the single service effected when the interlocutory order is first sought.

Reason for the construction here reached can be found by reading Pa. R.C.P. 236 together with Rule 4005*(d). Under the former, it is incumbent upon the Prothonotary to give written notice of the

entry of any order, decree or judgment and the commentary to this rule explicitly notes that it is applicable to orders requiring or denying discovery. The record does not disclose nor is it pleaded that the Prothonotary in fact gave notice of either the filing of the intention to obtain an interlocutory order, the entry of that order or the finalization of that order. The notice requirement was not abolished by Rule 4005*(d). Rather, the burden of notification was transferred from the Prothonotary to the moving party who was thereafter charged with (1) the responsibility of notification of intention to obtain the interlocutory order and thereafter (2) notification of the entry thereof so that the running of the time for compliance in order to stay the finalization thereof would be appropriately noticed and the maturity of the moving party's entitlement to final order be determinable.

Where substantive rights of a litigant are sought to be foreclosed pursuant to a procedural rule, the mandates of that rule must be strictly construed and compliance therewith literally enforced. Since the record on its face does not show compliance with this second notice requirement, the entry of the default judgment on May 28, 1976, was improper and must be stricken.

Accordingly we enter the following

## ORDER

And now, January 26, 1977, it is hereby ordered that the Prothonotary is directed to strike the default judgment of May 28, 1976, from the record. Defendant is granted leave to file answers to plaintiff's interrogatories within ten days from the date hereof.